UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

PATRICIA BUSCEMI,

Plaintiff,

v.

MSC CRUISES S.A.,

Defendant.
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. The Plaintiff, PATRICIA BUSCEMI, is a citizen of Florida.

2. Defendant, MSC CRUISES, S.A., ("MSC"), is a foreign corporation having its principal place of business in Florida.

3. This matter falls under the admiralty and maritime jurisdiction of this Court and the Plaintiff demands a jury trial pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because MSC inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits in this specific jurisdiction to the exclusion of all others.

4. Defendant, at all times material hereto, personally or through an agent:

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the MSC *Seascape*.

5. Defendant is subject to the personal jurisdiction of this Court.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**FACTS COMMON TO ALL COUNTS**

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the MSC *Seascape*.

9. At all times material hereto, Defendant had exclusive custody and control of the MSC *Seascape* vessel.

10. On or about August 31, 2025, the Plaintiff was a paying passenger on Defendant's vessel, the MSC *Seascape*, which was in navigable waters.

11. On or about the above date, Plaintiff was traversing Deck 8 on the aft portion of the outdoor deck of the vessel. She was walking along the outdoor deck with her family.



Photograph of subject Deck 8 stairway showing nonfunctioning lighting strip.

12. As Plaintiff walked up the steps on the outdoor Deck 8, she missed the step that failed to have a functioning light.

13. The floor and step lacked adequate visual cues or warnings to assist passengers in seeing the step in the evening, since the step failed to have a functioning light.



Photograph taken the following day showing the same lighting strip remained nonfunctioning.

14. As a result, Plaintiff missed the step, tripped, fell, and suffered severe injuries.

15. The dangerous conditions included, but are not limited to, the following:

a. The step Plaintiff tripped and fell on lacked adequate warnings to help passengers see each step, such as yellow or other conspicuous tape/signs/stickers/coloring or other similar warnings when the lights were not functioning; and

b. The failed lighting strip under the step created an unreasonably dark area that made it difficult for Plaintiff to discern that the steps Plaintiff fell on were there prior to Plaintiff's fall; and

c. The subject lighting strip remained nonfunctioning the following day, when Plaintiff photographed the same stairway in substantially the same condition. The continued existence of the failed lighting condition supports the inference that the condition was not momentary or transitory and existed for a sufficient period of time before Plaintiff's incident that Defendant, through the exercise of reasonable inspection and maintenance, should have discovered and corrected the condition.

d. Each of these dangerous conditions alone was sufficient to cause Plaintiff's incident and injuries, and Plaintiff is alleging that Defendant was negligent as to each of these conditions.

16. Defendant either knew or should have known of these risk-creating and dangerous conditions, due to the following:

a. The dangers were and should have been known prior to Plaintiff's incident because Plaintiff saw Defendant's crewmembers in the subject area and stairs prior to her incident, they were in the immediate vicinity of the incident, and they should have been aware of the dangerous conditions and warned of and removed the dangerous

conditions. Defendant should have been aware of these conditions. *See Aponte v. Royal Caribbean Cruise Lines Ltd.*, 739 F. App'x 531, 537 (11th Cir. 2018) ("In some cases the proprietor may be held to have constructive knowledge if the plaintiff shows that an employee of the proprietor was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard.") (citing *Alterman Foods, Inc. v. Ligon*, 246 Ga. 620, 272 S.E.2d 327, 330 (1980))

b. Previous passengers suffered prior incidents involving falls on the subject ship or other ships in its fleet, including, but not limited to, the Plaintiff in *Bodkin v. MSC Cruises, S.A.,* 1:22-cv-21499 (trip and fall descending stairwell due to optical illusion); *Hodson v. MSC Cruises, S.A.*, 1:20-cv-22463-FAM (trip and fall descending a stairway), and *Glatter v. MSC Cruises, S.A.*, 1:18-CV-62219-JIC (trip and fall descending a step down similar to Plaintiff's).

c. Upon information and belief, there are relevant safety standards and guidelines regarding the safety of the subject stairs such as in ASTM, ANSI and SOLAS as it pertains to the step surfaces, shininess, unevenness, warnings, handrails, rise and run, appropriate functionality and illumination of the steps, and Defendant should have known of these standards because whether such standards are legally required for Defendant to comply with or not, a fact-finder is entitled to determine, if it so chooses, that these standards/recommendations/other guidelines show what a reasonable Defendant should have done. *See Holderbaum v. Carnival Corp*., 87 F. Supp. 3d 1345, 1356 (S.D. Fla. 2015) ("As previously noted, 'the law in the Eleventh Circuit, as established by the former Fifth Circuit, is that advisory

guidelines and recommendations, while not conclusive, are admissible as bearing on the standard of care in determining negligence.' *Cook*, 2012 WL 1792628, at *3 (*citing Muncie Aviation Corp*., 519 F.2d 1178; *Frazier*, 568 F.2d 378); *see also Giorgio*, 2006 WL 1042003, at *2. Such guidelines are also probative of the defendant's constructive knowledge of the allegedly hazardous condition.'") (emphasis added) (*citing Cook*, 2012 WL 1792628, at *3; *Donlon*, 2011 WL 6020574, at *6)).

d. Defendant also knew or should have known of these dangerous conditions through inspecting the subject area and the vicinity involved in Plaintiff's incident, and if it did not know of these dangerous conditions, this was because it failed to adequately inspect the subject area and the vicinity involved in Plaintiff's incident. *See Francis v. MSC Cruises, S.A*., 835 F. App'x 512, 517–18 (11th Cir. 2020) ("Francis's complaint alleged that MSC breached its duty to her by, among other things '[c]hoosing and/or approving a deck material that was unreasonably slippery,' '[c]hoosing and/or approving a deck material that was unreasonably slippery when food and/or liquids was on it,' and 'failing to reasonably inspect the deck material, discover it was unreasonably slippery, and make it safer.' Doc. 1 at 8. Francis alleged theories of negligent design or maintenance sufficient to meet the notice pleading requirements of the Federal Rules of Civil Procedure.") (emphasis added, citation omitted) (*citing Palm Beach Golf Center-Boca, Inc. v. John G. Sarris*, 781 F.3d 1245, 1260 (11th Cir. 2015) (noting that a complaint "need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").

17. At all times relevant, the area where Plaintiff fell was unreasonably dangerous, risk-creating, defective, improperly maintained and otherwise unsafe.

18. The subject area lacked a functioning light that the surrounding stairs had.

19. These hazardous conditions were known, or should have been known, to Defendant in the exercise of reasonable care.

20. These hazardous conditions existed for a period of time before the incident.

21. These conditions were neither open nor obvious to Plaintiff.

22. At all times relevant, Defendant failed to adequately inspect the subject area and the vicinity for dangers, and Defendant failed to adequately warn Plaintiff of the dangers.

23. At all times relevant, Defendant had the ability to cure the deficiencies and to eliminate the hazards, but failed to do so, such that people, including Plaintiff, fell on the subject stairs.

24. At all times relevant, Defendant failed to maintain the subject area and the vicinity in a reasonably safe condition.

## COUNT I
## NEGLIGENT FAILURE TO INSPECT

25. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 24 as if set forth herein.

26. Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

27. This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately inspecting the subject area and the vicinity for hazardous and dangerous conditions.

28. At all times material, Defendant, through its vessel, crew, agents, employees, staff and representatives, who were acting in the course and scope of their employment and agency with

Defendant breached the duty of reasonable care owed to Plaintiff and were negligent by failing to adequately inspect the subject area and the vicinity, such that the risk-creating and dangerous conditions discussed in Paragraph 15, *supra* were present at the time of Plaintiff's incident.

29. These risk-creating and dangerous conditions were caused by Defendant's failure to adequately inspect the subject area and the vicinity to make sure the subject area and the vicinity were safe, specifically the lack of functioning light under the step where Plaintiff fell, as well as providing alternative safety features since the light was not functioning.

30. Defendant either knew or should have known of these risk-creating and dangerous conditions for the reasons discussed in Paragraph 16, *supra.*

31. Defendant's negligence proximately caused Plaintiff bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred, as she would have not tripped and fallen.

32. As a result of Defendant's negligence, Plaintiff has suffered severe bodily injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of the value of Plaintiff's vacation, cruise, and transportation costs.

33. The losses are either permanent or continuing in nature.

34. Plaintiff has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, PATRICIA BUSCEMI, demands judgment against Defendant, MSC CRUISES, S.A., for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injuries, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization,

medical care and treatment, nursing care and treatment, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT II**
**NEGLIGENT FAILURE TO MAINTAIN**

35. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 24 as if set forth herein.

36. Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

37. This duty includes, but is not limited to, the duty to provide its passengers reasonable care by adequately maintaining the subject area and the vicinity.

38. At all times material, Defendant, through its vessel, crew, agents, employees, staff and representatives, who were acting in the course and scope of their employment and agency with Defendant breached the duty of reasonable care owed to Plaintiff and were negligent by failing to adequately maintain the subject area and the vicinity, such that the risk-creating and dangerous conditions discussed in Paragraph 15 *supra*, were present at the time of Plaintiff's incident.

39. Defendant failed to adequately maintain and/or repair the lighting system illuminating the subject stair, thereby allowing the subject lighting strip to remain nonfunctioning and the stair inadequately illuminated.

40. Defendant either knew or should have known of these risk-creating and dangerous conditions for the reasons discussed in Paragraph 16, *supra.*

41. Defendant's negligence proximately caused Plaintiff bodily harm in that, but for

Defendant's negligence, Plaintiff's injuries would not have occurred, as she would not have tripped and fallen.

42. As a result of Defendant's negligence, Plaintiff has suffered severe bodily injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of the value of Plaintiff's vacation, cruise, and transportation costs.

43. The losses are either permanent or continuing in nature.

44. Plaintiff has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, PATRICIA BUSCEMI, demands judgment against Defendant, MSC CRUISES, S.A., for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injuries, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT III
## NEGLIGENT FAILURE TO WARN

45. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 24 as if set forth herein.

46. At all times relevant, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including Plaintiff.

47. Such duty includes, but is not limited to, the duty that Defendant owes to warn

passengers of any dangers that it knew or should have known that were not open and obvious to Plaintiff.

48. At all times material, Defendant, through its vessel, crew, agents, employees, staff and representatives, who were acting in the course and scope of their employment and agency with Defendant, breached the duty of reasonable care owed to Plaintiff and was negligent by failing to warn Plaintiff of the dangerous conditions discussed in Paragraph 15, *supra*.

49. Furthermore, Defendant knew or should have known of these dangerous conditions for the reasons discussed in Paragraph 16, *supra.*

50. Defendant failed to warn of the dangerous condition despite knowing or having constructive knowledge of the dangers.

51. These dangerous conditions existed for a period of time before the incident.

52. These conditions were neither open nor obvious to Plaintiff.

53. Defendant's breach was the cause in-fact of Plaintiff's great bodily harm in that, but for Defendant's breach, Plaintiff's injuries would not have occurred.

54. Defendant's breach proximately caused Plaintiff great bodily harm in that the incident that occurred was a foreseeable result of Defendant's breach.

55. As a result of Defendant's negligence, Plaintiff has suffered severe bodily injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of the value of Plaintiff's vacation, cruise, and transportation costs.

56. The losses are either permanent or continuing in nature.

57. Plaintiff has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, PATRICIA BUSCEMI, demands judgment against Defendant, MSC CRUISES, S.A., for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injuries, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of the value of Plaintiff's vacation, cruise, and transportation costs, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

Dated: August 29, 2026
Miami, Florida

Respectfully Submitted,

**CHASE JUSTICE | INJURY ATTORNEYS**
*Attorneys for Plaintiff*
2100 Coral Way, Suite 200-8
Miami, Florida 33145
Telephone: (305) 677-2228
Facsimile: (305) 677-3232

By: *_____/s/ Brandon L. Chase____________________*
Brandon L. Chase, Esq., Florida Bar No. 90961
Email: brandon@chasejustice.com
eservice@chasejustice.com